## OFFICE of CHILD SUPPORT ENFORCEMENT &
## Anita Gauvey *v.* Robert W. GAUVEY

CA 06-103                                           241 S.W.3d 771

### Court of Appeals of Arkansas
### Opinion delivered October 25, 2006

Mark L. Ross, Attorney for OCSE State of Arkansas, Ark. Dep't of Finance & Admin., for appellant.

Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd., by: Traci LaCerra and Quentin E. May, for appellee.

DAVID M. GLOVER, Judge. The issue in this case is whether the Office of Child Support Enforcement (OCSE) can

enforce a spousal support order contained in a foreign divorce decree from Germany. We hold that OCSE can enforce the spousal order in question, and we reverse and remand this case.

Anita and Robert Gauvey were married on December 22, 1988, in Cleburne County, Arkansas, and were divorced on March 28, 1995, in Starnberg, Germany. Two children were born of the marriage — Elizabeth, on November 8, 1989, and Sean, on March 31, 1992. The German divorce decree provided that Anita Gauvey was the proper person to have custody of the children. Appellee, Robert Gauvey, was given no visitation rights in the divorce decree because there was an outstanding warrant for his arrest concerning, among other things, false certification, loan fraud, bodily injury, and narcotic drug offenses; because Anita Gauvey testified that he had been violent toward her and the children; and because he had had no contact with the children for almost two years, having fled Germany. The pertinent support order from Germany provided that appellee was to pay monthly child support of $212.25 per child and monthly spousal support of $915.35. The total arrearage as of March 24, 2005, was calculated to be $164,801.55.

Anita Gauvey, through OCSE, filed a petition to register the German order for child support and spousal support in the Faulkner County Circuit Court pursuant to the provisions of the Uniform Interstate Family Support Act (UIFSA), found at Arkansas Code Annotated section 9-17-101 et seq., and the Act for the Recovery of Maintenance in Relations with Foreign States German Foreign Maintenance Act of December 19, 1986. OCSE also filed a motion for citation, asking the Faulkner County Circuit Court to find Robert Gauvey in contempt for failure to pay child and spousal support and to order him to obtain health insurance for the children. Robert Gauvey responded to the registration of the foreign judgment, arguing, in pertinent part, that OCSE was without authority to enforce and collect an award of spousal support. He also responded to the motion for citation, contending that he should not be held in contempt because he was never served with a summons and complaint; that the order was entered in violation of his due-process rights; that he had been denied contact with his children; that his attempts to send money to his ex-wife were rejected; and that because he was never served with the order, he did not know what obligations, if any, he owed pursuant to the order.

In an order filed of record on October 27, 2005, the trial court found that it could not register the judgment for spousal support because OCSE was not authorized to enforce the payment of spousal support, but it did register and confirm the order for child support. The trial court granted judgment to Anita Gauvey and OCSE for past due child support as of October 5, 2005, in the amount of $54,336 and ordered Robert Gauvey to pay $84.90 monthly on the judgment in addition to his monthly support of $424.50. The trial court did not find Robert Gauvey in contempt of court.

OCSE filed a motion and brief to reconsider on November 9, 2005, arguing that 45 C.F.R. § 301.1 gave it authority to collect overdue spousal support as well as overdue child support. The trial judge denied this motion.

On appeal, OCSE argues that it does have the authority to collect spousal support in conjunction with child support and that the trial court in effect modified the divorce decree when it refused to register the portion of the decree ordering spousal support. OCSE cities 45 C.F.R. § 301.1, which provides that "overdue support" is

> a delinquency pursuant to an obligation determined under a court order, or an order of an administrative process established under State law, for support and maintenance of a minor child, which is owed to or on behalf of the child, *or for the noncustodial parent's spouse (or former spouse) with whom the child is living, but only if a support obligation has been established with respect to the spouse and the support obligation established with respect to the child is being enforced under State's IV-D plan.* . . . Past-due support means the amount of support determined under a court order or an order of an administrative process established under State law for support and maintenance of a child *or of a child and the parent with whom the child is living,* which had not been paid. . . . *Spousal support means a legally enforceable obligation assessed against an individual for the support of a spouse or former spouse who is living with a child or children for whom the individual also owes support.*

(Emphasis added.)

### Arkansas Code Provisions

Arkansas Code Annotated section 9-17-101(19)(ii) (Repl. 2002) defines "State" to include "a foreign jurisdiction that has enacted a law or established procedures for issuance and enforce-

ment of support orders which are substantially similar to the procedures under this chapter, the Uniform Reciprocal Enforcement of Support Act, or the Revised Uniform Enforcement of Support Act." Under the Uniform Interstate Family Support Act (UIFSA), "child support order" or "support order" is defined as "a judgment, decree, or order, . . . issued by a court or an administrative agency of competent jurisdiction for the support and maintenance of a child . . . *or of the parent with whom the child is living, which provides for monetary support, health care, arrearages, or reimbursement* . . . ." Ark. Code Ann. § 9-14-201(2) (Repl. 2002). (Emphasis added.) "Past due support" is defined as "the total amount of support determined under a court order established under state law, which remains unpaid." Ark. Code Ann. § 9-14-201(8). Arkansas Code Annotated section 9-14-210(b) provides in pertinent part that "an attorney employed by . . . the Office of Child Support Enforcement, . . . shall undertake representation of the action . . . in actions brought pursuant to Title IV-D of the Social Security Act, § 42 U.S.C. § 651 et seq., under the Uniform Interstate Family Support Act, § 9-17-101 et seq."

■ Arkansas Code Annotated sections 9-17-301(b)(2) & (3) state that this chapter provides for the "*enforcement of a support order* and income-withholding order of another state without registration pursuant to article 5 of this chapter" and "registration of *an order for spousal support or child support* of another state for enforcement pursuant to article 6 of this chapter." (Emphasis added.) Subsection (c) of this statute provides that "an individual petitioner *or a support enforcement agency* may commence a proceeding authorized under this chapter by filing a petition in an initiating tribunal for forwarding to a responding tribunal or by filing a petition or a comparable pleading directly in a tribunal of another state which has or can obtain personal jurisdiction over the respondent." (Emphasis added.) Arkansas Code Annotated section 9-17-307(a) (Repl. 2002) provides, "A support enforcement agency of this state, upon request, shall provide services to a petitioner in a proceeding under this chapter," and subsection (c) of that statute provides, that "a tribunal of this state *shall* recognize and enforce, but may not modify, a registered order if the issuing tribunal had jurisdiction." (Emphasis added.) Our statutes thus explicitly provide for OCSE to enforce spousal support orders; therefore, the trial court erred in refusing to issue an order confirming the entire order, including spousal support.

Appellee cites *Chaisson v. Ragsdale*, 323 Ark. 373, 914 S.W.2d 739 (1996), for the proposition that UIFSA is limited only to the enforcement of child support. The statutes cited above refute that assertion. Furthermore, *Chaisson* is distinguishable from the present case; in *Chaisson*, the trial judge granted the mother a setoff against child support for debts she had paid that were the responsibility of the father, and the trial judge also granted visitation rights to the mother. Our supreme court reversed and remanded the case, finding that the UIFSA petition was limited to establishment of child support and its enforcement and that the trial judge exceeded his authority under UIFSA in resolving issues of setoff and visitation. Spousal support was not an issue in *Chaisson* as it is in the present case, and the holding in *Chaisson* is simply not applicable to the present case.

Reversed and remanded for entry of an order registering the entire support order.

HART and CRABTREE, JJ., agree.